FILED

SEP 28 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-14-1586-BrDKi |
| SAMEER LAKHANY, | Bk. No.   8:12-bk-22838-CB |
| Debtor. | |
| SAMEER LAKHANY, | |
| Appellant, | |
| v. | **O P I N I O N** |
| KAMRAN NIHAL KHAN, | |
| Appellee. | |

Argued and Submitted on July 23, 2015
at Pasadena, California

Filed – September 28, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

_____

Appearances:     Dixon Gardner of Madison Harbor, ALC, argued for appellant Sameer Lakhany; Michael Jason Conway of Greengberg & Bass, LLP, argued for Appellee Kamran Nihal Khan.

_____

Before:  BRANDT,[1] DUNN, and KIRSCHER, Bankruptcy Judges.

_____

[1] Hon. Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

BRANDT, Bankruptcy Judge:

In the words of the Prophet Yogi,[2] "if you don't know where you're going, when you get there you'll be lost." This appeal demonstrates the validity of that observation.

Appellant-debtor, Sameer Lakhany ("Lakhany"), appeals the Bankruptcy Court's Order Granting Relief from Stay ("Order") in favor of appellee-creditor, Kamran Nihal Khan ("Khan").[3] We conclude that the bankruptcy court abused its discretion by applying an incorrect legal standard in considering Khan's Motion for Relief from Stay ("Motion"). The Motion referenced the proper inquiry, the applicability of the discharge injunction, although in a procedurally incorrect context; neither the parties nor the court addressed it further.

Finding that error harmless, and sufficient support in the record, we recast the order as a declaratory judgment and AFFIRM.

**FACTS**

Lakhany filed his voluntary petition for Chapter 7 bankruptcy relief on November 6, 2012. His was a "no asset" case, and he received his discharge on February 25, 2013. The case was closed on July 24, 2013. Lakhany did not list Khan as a

---

[2]  Berra, late of the New York Yankees.

[3]  Unless otherwise indicated, all chapter and section references are to the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

creditor.

In early 2012 Khan had filed a state court lawsuit in Superior Court in Orange County, California (the "State Action"),[4] alleging that numerous defendants had conspired to defraud consumers seeking home loan modification services, and had fraudulently used his name and law license in perpetrating that scheme. The State Action is complex, involving numerous intertwined parties, claims, and filings.

Meanwhile, the Federal Trade Commission had filed a nondischargeability complaint against Lakhany,[5] focused on relief involving consumers generally - not Khan. Lakhany stipulated to a judgment of nondischargeability for fraud, based on a stipulated judgment in the FTC's federal district court action against him.[6] Lakhany did not admit or deny any allegation other than jurisdiction.

During discovery in the State Action late in 2013, Khan discovered Lakhany's alleged involvement in the scheme, and he attempted to serve Lakhany as an additional defendant. In response, Lakhany's counsel sent a letter to Khan, notifying him

---

[4] Kamran Nihal Khan v. Komail Mooman, et al., Superior Court of the State of California for the County of Orange, Central Justice Center, Case No. 30-2012-00554903.

[5] Federal Trade Commission v. Sameer Lakhany, United States Bankruptcy Court for the Central District of California, Santa Ana Division, Adv. No. 8:13-ap-01181-CB.

[6] Federal Trade Commission v. Sameer Lakhany, et al., Final Order for Permanent Injunction and Settlement of Claims as to Defendants Sameer Lakhany, et al., entered February 28, 2013, Central District Court of California, Case No. SACV12-0337-CJC.

3

of the bankruptcy and the discharge injunction, and threatening sanctions if he did not immediately dismiss Lakhany from the State Action.

Shortly thereafter, Khan moved to reopen Lakhany's bankruptcy case for the purpose of establishing nondischargeability. His supporting memorandum advised the bankruptcy court that, following reopening and filing of a nondischargeability complaint, he would seek relief from the automatic stay to prosecute his claims against Lakhany in the State Action. The bankruptcy court granted the motion and entered an order simply providing that the case was reopened, that Khan could file a nondischargeability complaint against Lakhany within thirty days, and that a trustee need not be reappointed. Lakhany did not appeal.

Khan promptly filed his complaint against Lakhany, alleging nondischargeability for fraud, fiduciary defalcation, and willful and malicious injury[7] ("Adversary Proceeding").[8]

---

[7] Section 523(a) provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

(continued...)

4

After Khan filed an amended complaint in the Adversary Proceeding, Lakhany moved to dismiss for failure to state a claim and on other grounds under Rule 7012, incorporating Civil Rule 12. After a hearing, the bankruptcy court granted the motion to dismiss the fiduciary defalcation claim, but denied it as to the fraud and willful and malicious injury claims. Lakhany answered the amended complaint; the Adversary Proceeding is periodically set for status conferences.

On November 7, 2014, Khan filed the Motion in the main case, seeking relief from stay to add Lakhany as a defendant in the State Action. Specifically, he sought to pursue Lakhany for claims including conversion, trespass to chattels, fraudulent concealment, appropriation, fraudulent misrepresentation, and intentional infliction of emotional distress. He also requested relief from the discharge injunction of § 524 and annulment of any stay violations that he might have committed. Kahn went on to indicate that, after obtaining judgment against Lakhany in the State Action, he intends to move for summary judgment of nondischargeability in the Adversary Proceeding, presumably relying on issue preclusion.

The only issue briefed by the parties and argued to the

_____

(...continued)
> larceny;
> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

[8] <u>Kamran Nihal Khan v. Sameer Lakhany</u>, United States Bankruptcy Court for the Central District of California, Adv. No. 8:14-ap-01285-CB.

5

bankruptcy court was whether sufficient cause existed for relief from stay. Counsel reiterated that it was Khan's intention to pursue his claims against Lakhany in state court and then to return to bankruptcy court to establish nondischargeability. After the bankruptcy court granted the Motion, an unsigned order was docketed on December 17, 2014. Lakhany filed a notice of appeal. Thereafter, on January 7, 2015, the Bankruptcy court signed the Order, which was docketed as an amended order. Neither version of the Order referenced any findings of fact nor mentioned the discharge injunction.

At argument we were advised that trial in the State Action is expected to be set in 2016.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G), and we do under 28 U.S.C. § 158. The bankruptcy court's order to grant Khan's Motion for Relief from Stay under § 362(d) is a final order. While the notice of appeal was premature, it became effective when the signed order was entered, Rule 8002 (a)(2),[9] and was timely.

## ISSUES

Did the bankruptcy court abuse its discretion in granting Khan's Motion for Relief from Stay to pursue the State Action? If so, was entry of the Order harmless error, and may we grant alternative relief?

---

[9] Rule 8002(a)(2) provides that, "[a] notice of appeal filed after the bankruptcy court announces a decision or order —but before entry of the judgment, order, or decree— is treated as filed on the date of and after the entry."

6

**STANDARDS OF REVIEW**

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. <u>Arneson v. Farmers Ins. Exch. (In re Arneson)</u>, 282 B.R. 883, 887 (9th Cir. BAP 2002); <u>Kronemyer v. Am. Contractors Indemn. Co. (In re Kronemyer)</u>, 405 B.R. 915, 919 (9th Cir. BAP 2009).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct one, or makes illogical or implausible factual findings, or findings without support from the facts in the record. <u>See</u> <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011) (citing <u>U.S. v. Hinkson</u>, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc)); <u>see</u> <u>also</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990) (A "court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence").

"[W]e ignore harmless error." <u>Van Zandt v. Mbunda (In re Mbunda)</u>, 484 B.R. 344, 355 (9th Cir. BAP 2012). But if a bankruptcy court abuses its discretion, we may affirm "on any ground fairly supported by the record." <u>Love v. U.S.</u>, 915 F.2d 1242, 1246 n.2 (9th Cir. 1989) (citing <u>Lee v. United States</u>, 809 F.2d 1406, 1408 (9th Cir. 1987)); <u>see</u> <u>also</u> <u>Asarco, LLC v. Union Pac. R.R. Co.</u>, 765 F.3d 999, 1004 (9th Cir. 2014) (concluding that a court may affirm "on any ground supported by the record").

**DISCUSSION**

**A. New Arguments on Appeal**

While we need not address arguments not raised in the trial court, we may do so to (1) prevent a miscarriage of justice or to

7

preserve the integrity of the judicial process, (2) when a change of law during the pendency of the appeal raises a new issue, or (3) when the issue is purely one of law. See Baccei v. U.S., 632 F.3d 1140, 1149 (9th Cir. 2011); Jovanovich v. U.S., 813 F.2d 1035, 1037 (9th Cir. 1987); Bolker v. Comm'r, 760 F.2d 1039, 1042 (9th Cir. 1985).

Lakhany briefed several new arguments on appeal that he did not raise in the bankruptcy court. The only issue brought before the bankruptcy court was whether there was cause for relief from the automatic stay of § 362. While the first two criteria for review of new issues on appeal do not apply to Lakhany's new arguments, his new arguments are purely legal. Therefore, we will briefly address those which were coherently articulated and have some arguable substance.

First, Lakhany argues that the reopening of his bankruptcy case permitted only the nondischargeability action, the Adversary Proceeding. But,

> the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance.

Menk v. Lapaglia (In Re Menk), 241 B.R. 896, 913 (9th Cir. BAP 1999). The reopening of Lakhany's bankruptcy case had no equitable or legal effect. Nor did it bar a request for relief from stay or operate as a waiver of any right to proceed in state court.

Further, while reopening a case for the purpose of filing a nondischargeability complaint is good practice, it is not necessary. "[A] separate motion to reopen is not a

8

jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt under § 523(a)(3)(B)." Staffer v. Predovich (In Re Staffer), 306 F.3d 967, 972 (9th Cir. 2002).

Second, he contends that the exclusive jurisdiction of the bankruptcy court to determine dischargeability[10] somehow bars establishing the predicate facts for that determination in a state court (or, presumably, any other nonbankruptcy forum). This is a fundamental misunderstanding: bankruptcy courts regularly make non-dischargeability determinations, via issue preclusion, on facts determined elsewhere. For example, in Grogan v. Garner, the Supreme Court reversed a circuit court's reversal of a bankruptcy court's judgment of nondischargeability under § 523(a)(2) predicated on issue preclusion (using older terminology, "collateral estoppel") from a state court's fraud judgment, thereby upholding the bankruptcy court. 498 U.S. 279, 290 (1991).

Further, Congress provided in 28 U.S.C. § 1334(c) that "in the interest of justice, or in the interest of comity with State courts or respect for State law," a bankruptcy court may "abstain[] from hearing a particular proceeding" arising under, arising in, or related to a bankruptcy case.

Even if Lakhany's bankruptcy case were still open and there were an estate, discretionary abstention might well be

---

[10] "Bankruptcy Courts have exclusive jurisdiction over nondischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2), (4), (6) . . . " Rein v. Providien Fin. Corp., 270 F.3d 895, 904 (9th Cir. 2001).

9

appropriate; it certainly would be when, as here, the case is closed and there never was a bankruptcy estate to be administered.

**B. The Automatic Stay**

Section 362 provides, in relevant part, that the filing of a bankruptcy petition stays

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

§ 362(a)(1).

But "insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge." Ruvacalba v. Munoz (In re Munoz), 287 B.R. 546, 551 (9th Cir. BAP 2002) (referencing § 363(c)(2)(C));[11] see also Zilog, Inc. v. Corning, 450 F.3d 996, 1009 n.13 (9th Cir. 2006) (same). In other words, "the existence of a discharge means that there is no automatic stay from which relief may be granted to

---

[11]  362(c) provides:

> (2) the stay of any other act [other than those against property of the estate] under subsection (a) of this section continues until the earliest of
> > (A) the time the case is closed;
> > (B) the time the case is dismissed; or
> > (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

10

permit an action against the debtor."  Munoz, 287 B.R. at 551.

Khan moved for relief from stay well over a year after Lakhany's discharge.  As the stay had "automatically expire[d] upon the grant of [Lakhany's] discharge," the bankruptcy court abused its discretion in granting relief from the stay.  See Munoz, 287 B.R. at 551.  Rather, the appropriate inquiry would have been the applicability of the discharge injunction.  While Khan's Motion included a request for relief from the discharge injunction, that issue was not addressed in briefing or argument, nor in the bankruptcy court's ruling or Order.

**C.  The Discharge Injunction**

Section 524(a)(2) provides that a discharge in bankruptcy

> operates as an injunction against the
> commencement or continuation of an action,
> the employment of process, or an act, to
> collect, recover or offset any [discharged]
> debt as a personal liability of the debtor,
> whether or not discharge of such debt is
> waived . . . .

**1.  Procedure**

"Determinations regarding the scope of the discharge require a declaratory judgment obtained in an adversary proceeding." Munoz, 287 B.R. at 551; Fed. R. Bankr. P. 7001(9).[12]

> It is error to circumvent the requirement of
> an adversary proceeding by using a 'contested
> matter' motion under Federal Rule of
> Bankruptcy Procedure 9014.
>
> Such an error may nevertheless be harmless
> when the record of the procedurally incorrect
> 'contested matter' is developed to a

---

[12]  Rule 7001(9) provides that "[t]he following are adversary proceedings: . . . (6) a proceeding to determine the dischargeability of a debt; . . . [or] (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . ."

11

> sufficient degree that the record of an adversary proceeding likely would not have been materially different. In such circumstances, the error does not affect the substantial rights of the parties and is not inconsistent with substantial justice.

Munoz, 287 B.R. at 551 (internal citations omitted).

In determining whether it was harmless error to forgo an adversary proceeding, we may appropriately consider whether the "material facts are few and undisputed," whether the "critical questions are pure questions of law," and whether the "factual record [or] the quality of the presentation of the arguments would have been materially different had there been an adversary proceeding." Munoz, 287 B.R. at 551.

The question of the scope of the discharge injunction should have been raised in the Adversary Proceeding. But here, the material facts are undisputed, the critical discharge injunction questions are purely legal, and the factual record is as well-developed as it would have been in the Adversary Proceeding. We conclude that it was harmless error to have proceeded in the main case rather than in the Adversary Proceeding.

**2. Scope**

Khan seeks to establish Lakhany's liability for a nondischargeable debt in the State Action, and then to establish its nondischargeability in the Adversary Proceeding.

Section 524(a) provides for the discharge injunction:

> A discharge in a case under this title —
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to <u>any debt discharged</u> under section 727 . . . . , whether

12

> or not discharge of such debt is waived;
> (2) operates as an injunction against the
> commencement or continuation of an action,
> the employment of process, or an act, to
> collect, recover or offset any <u>such</u> debt as a
> personal liability of the debtor, whether or
> not discharge of <u>such</u> debt is waived[.]

(emphasis added). The antecedent of each "such" in subparagraph (2) is unambiguously "any debt discharged..." in subparagraph (1). <u>See Munoz</u>, 287 B.R. at 555-556.

Nondischargeable debts are not subject to the discharge injunction. <u>See Boeing N. Am., Inc. v. Ybarra (In re Ybarra)</u>, 424 F.3d 1018, 1027 n.11 (9th Cir. 2005) (so concluding); <u>Fla. Dep't of Revenue v. Diaz (In re Diaz)</u>, 647 F.3d 1073, 1088 (11th Cir. 2011)(concluding that "the discharge injunction prohibits collection only with respect to dischargeable debts and does not apply to nondischargeable debts") (internal quotations omitted). "As a result, once a discharge has been granted, holders of **nondischargeable** debts generally may attempt to collect from the debtor personally for such debts." <u>Diaz</u>, 647 F.3d at 1088.

Because this was a no asset case and no debt to Khan was scheduled, nor was he listed as a creditor, nor did he have notice of the bankruptcy in time to object to dischargeability, § 523(a)(3)(B) applies.[13] And "[i]f the [omitted] debt is of a

---

[13] Section 523(a)provides:

> A discharge . . . does not discharge an
> individual debtor from any debt—
> . . .
> (3) neither listed nor scheduled under section
> 521(a)(1) of this title, with the name, if
> known to the debtor, of the creditor to whom
> such debt is owed, in time to permit—

(continued...)

13

type covered by . . . § 523(a)(3)(B), it has not been discharged, and is nondischargeable." Beezley v. California Land Title Co., 994 F.2d 1433, 1434 (9th Cir. 1993). But § 523(a)(3)(B)

> does not, in itself, make a debt nondischargeable . . . [The] creditor must also have a cause of action under § 523(a)(2), (4), or (6). **Mere allegations of a cause of action are not sufficient.** It remains necessary for the creditor to prove its case under either Code § 523(a)(2), (4), or (6) because 11 U.S.C. § 523(a)(3)(B) only applies if such a case can be established.

C&W Asset Acquisition, LLC v. Feagins (In re Feagins), 439 B.R. 165, 176 (Bankr. D. Hawaii 2010) (emphasis in original) (quoting Urbatek Sys., Inc. v. Lochrie (In re Lochrie), 78 B.R. 257 (9th Cir. BAP 1987)).

Further:

> [T]he § 524(a)(2) discharge injunction does not, by its straightforward terms, apply to protect the debtor from any debt that is not discharged. . . . We hold that . . . the § 524(a)(2) discharge injunction does not protect a debtor from an action to determine the debtor's liability on a nondischargeable debt.

Munoz, 287 B.R. at 556.

We agree, and accordingly will refashion the Order as a declaratory judgment that the discharge injunction of § 524(a)(2)

---

(...continued)

> . . .
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

(emphasis added).

14

does not enjoin Khan's quest to establish Lakhany's liability for a debt nondischargeable under § 523(a)(2) and/or (a)(6).[14]

**CONCLUSION**

For these reasons, we recast the Order for Relief from Stay as a declaratory judgment that the discharge injunction of § 524 does not enjoin Khan's attempt to establish Lakhany's liability for a nondischargeable debt in the State Action, AFFIRM, and direct that this disposition be docketed in the Adversary Proceeding as well as in the main case.

---

[14] Rule 9005 provides:

> Rule 61 F.R.Civ.P. applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights.

Civil Rule 61 provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence - or any other error by the court or a party - is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

15