**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No.   CC-15-1423-KuKiTa
                                          )
RICHARD STEPHEN KVASSAY,                  )    Bk. No.   2:11-bk-11698-DS
                                          )
                Debtor.                   )
_____           )
                                          )
RICHARD STEPHEN KVASSAY,                  )
                                          )
                Appellant,                )
                                          )
v.                                        )    **MEMORANDUM**[*]
                                          )
ROBERT V. KVASSAY, Trustee of             )
the Kvassay Family Trust dated            )
February 26, 1993; RUSSAKOW &             )
TAN LLP; RUSSAKOW, GREENE &               )
TAN LLP; MATTHEW C. BROWN,                )
                                          )
                Appellees.                )
_____           )

Argued and Submitted on September 22, 2016
at Pasadena, California

Filed – October 6, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Deborah J. Saltzman, Bankruptcy Judge, Presiding

Appearances:    Troy A. Stewart argued for appellant Richard
                Stephen Kvassay; appellee Matthew C. Brown argued
                for himself and for appellee Robert V. Kvassay,
                trustee.

Before: KURTZ, KIRSCHER and TAYLOR, Bankruptcy Judges.

    [*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Former chapter 7[1] debtor Richard Stephen Kvassay appeals from an order denying his motion to reopen his bankruptcy case so that he could commence contempt proceedings against his brother Robert Kvassay and his attorneys for alleged violation of the discharge injunction. The bankruptcy court denied the motion to reopen without specifying why, other than to merely state that there was no reason to reopen.

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure nor the bankruptcy court's Local Rules require that a bankruptcy case be reopened before commencing contempt proceedings for violation of the discharge injunction. On that basis, we AFFIRM.

**FACTS**

The dispute underlying this appeal involves three brothers, (Richard, Robert and Peter), and a three and a half acre estate and residence in Eagle Rock, California. Title to the real property was placed into the Kvassay Family Trust dated 02/26/1993 by the brothers' parents, who are now both deceased. At the time of the parents' death, both Richard and Peter lived on the property. In fact, Richard had lived there more or less continually since the 1960's, and Peter had lived there since the

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Local Rule" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

1980's.[2]

At first, the three brothers attempted to cooperate regarding refurbishing and disposing of the property. Eventually, however, that cooperation completely broke down, and Robert as trustee of the trust sued Richard and Peter in the Probate Division of the Los Angeles County Superior Court.

Robert's verified petition sought, among other things, to evict Richard and Peter from the property and to offset against their distributive share of the proceeds damages incurred as a result of their alleged misconduct. According to Robert, both brothers permitted the property to become extremely dilapidated and interfered with efforts to refurbish the property. In addition, Robert claimed, Peter falsely represented himself to be trustee of the trust and thereby obtained a $1.5 million loan secured by the trust property.

In 2011, while the probate court litigation was pending, Richard filed a chapter 11 petition. His bankruptcy case later was converted to chapter 7, and Robert obtained a bankruptcy court order for relief from the automatic stay, which order permitted him to proceed with the probate court litigation without any restrictions on any aspect of those proceedings, including eventual enforcement of the judgment.

After extensive probate court litigation, including an unsuccessful state court appeal by Richard and Peter, Robert

[2]We have derived many of the facts set forth in this decision from In re Kvassay, 2014 WL 2446181 (Mem. Dec.) (9th Cir. BAP May 30, 2014), aff'd, 2016 WL 3318634 (Mem. Dec.) (9th Cir. June 15, 2016).

3

succeeded in evicting both Richard and Peter from the property in 2012. Other aspects of the probate court litigation continued into 2015 and beyond.[3]

In September 2013, the bankruptcy court entered its standard form discharge order, which is substantially the same as Official Form B 18. The bankruptcy case was administratively closed in October 2015 pursuant to § 350(a), and the debtor (Richard) filed a motion to reopen the case in November 2015. In compliance with the bankruptcy court's Local Rule 5010-1, the motion to reopen was accompanied by a declaration explaining why the case needed to be reopened. According to the declaration, Richard wanted the case reopened so he could commence contempt proceedings against Robert and his attorneys for violation of the discharge injunction. As Richard put it, Robert's and his attorneys' continued litigation in the probate court constituted an action to collect, recover or offset roughly $1.5 million in discharged prepetition debt, in violation of the discharge injunction.

In Robert's response to the motion to reopen, Robert argued that the motion to reopen should be denied because Richard was improperly attempting to relitigate the probate court's

---

[3]Because the excerpts of record provided by the parties included little information regarding the relief from stay and probate court proceedings, we have reviewed the electronic case dockets from the underlying bankruptcy case and the underlying probate court litigation. See Bk. No. 11-11698; LASC Case No. BP122477. We can and do take judicial notice of these documents. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989); Mullis v. Bankr. Ct., 828 F.2d 1385, 1388 & n.9 (9th Cir. 1987). We also have reviewed the bankruptcy and adversary proceeding dockets in the related bankruptcy case of Richard's brother Peter. We take judicial notice of these dockets as well. See id.

4

determination that Richard had "stolen assets of the trust." Robert further argued that Richard had "unclean hands" and that it would be inequitable to permit Richard to reopen his bankruptcy case to commence contempt proceedings. Among other things, Robert pointed out that he had not been listed or scheduled as a creditor in Richard's bankruptcy case, and he additionally claimed that he did not actually know about Richard's bankruptcy case until it was too late to file either a proof of claim or a nondischargeability action under § 523(c).

Robert also asserted that denial of the motion to reopen was justified for the same reasons the bankruptcy court indicated it was prepared to deny the motion of Richard's brother Peter for an order to show cause re contempt for violation of the discharge in Peter's bankruptcy case. According to Robert, the bankruptcy court stated its reasons for denying Peter's motion for an order to show cause during the course of a summary judgment hearing in Robert's nondischargeability adversary proceeding against Peter. (Adv. No. 12-02577).

During the summary judgment hearing, the bankruptcy court stated that it was going to deny Peter's motion for an order to show cause re contempt because Robert's actions in prosecuting the probate court litigation did not violate the discharge injunction. The bankruptcy court reasoned that, in light of the fact that the liability at issue in the probate court litigation also was the subject of a pending nondischargeability action, the discharge injunction did not enjoin Robert from prosecuting the

5

probate court litigation.[4]

After reviewing Richard's motion to reopen and Robert's opposition, the bankruptcy court denied the motion to reopen without holding a hearing. The three sentence order merely stated that the motion to reopen was denied because "there are no grounds to reopen the case." The bankruptcy court entered its order denying Richard's motion to reopen on December 2, 2015, and Richard timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court commit reversible error when it held that there were no grounds to reopen Richard's bankruptcy case?

## STANDARDS OF REVIEW

Orders denying motions to reopen are reviewed for an abuse of discretion. Staffer v. Predovich (In re Staffer), 306 F.3d 967, 971 (9th Cir. 2002).

The bankruptcy court abuses its discretion if it applies an incorrect legal rule or its factual findings are illogical, implausible or without support in the record. See U.S. v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

---

[4]Peter appealed the denial of his motion for an order to show cause re contempt, and oral argument in Peter's appeal was held on the same date and before the same panel as held in this appeal. (BAP No. CC-15-1420-KiTaKu.)

In conducting our appellate review, we must ignore harmless error, and we may affirm on any ground supported by the record. Lakhany v. Khan (In re Lakhany), 538 B.R. 555, 559-60 (9th Cir. BAP 2015).

**DISCUSSION**

Under § 350(b), the bankruptcy court may reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." Rule 5010 describes the appropriate procedures for requesting the reopening of a case pursuant to § 350(b). Under Rule 5010, the motion to reopen does not need to be served on any parties; instead, the court may consider the motion ex parte, because it presents an extremely limited range of issues: "whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." Menk v. Lapaglia (In re Menk), 241 B.R. 896, 916-17 (9th Cir. BAP 1999).

Put another way, the reopening of the bankruptcy case is a ministerial act of little or no legal significance. It merely enables the bankruptcy court clerk to manage the bankruptcy docket and case file and treat the case as an active, pending matter. In re Staffer, 306 F.3d at 972; In re Menk, 241 B.R. at 913. As further explained in Menk, reopening of the bankruptcy case does not affect either the debtor's property or abandoned estate property. Id. at 914. In fact, "[t]o the extent that effects of closing are to be undone, specific orders in separate civil proceedings are necessary." Id. at 913.

Given the limited legal significance and limited practical impact of reopening a bankruptcy case, when ruling on a motion to

7

reopen, bankruptcy courts ordinarily should avoid addressing the merits of any legal or factual disputes underlying the motion to reopen. In re Staffer, 306 F.3d at 972; In re Menk, 241 B.R. at 916. As Menk explained:

> It may be objected that considerations of economy make it sensible to combine consideration of the motion to reopen with consideration of arguably dispositive issues in the underlying litigation. The logical appeal in this position turns out, in the long run, to be a false economy. Well-intentioned shortcuts that give short shrift to orderly procedure create unfortunate misimpressions about the quality of justice dispensed in bankruptcy courts, look sloppy, and lead one into disorienting thickets that present more trouble than they avoid.
>
> The better practice is the procedurally correct one of requiring merits issues to be left to the underlying litigation and relying on Rule 9011 and the court's inherent sanctioning authority to constrain inappropriate litigation.

Id. at 916 (citations omitted).

On the other hand, when the undisputed facts in the record unequivocally establish that reopening the case would be a "pointless exercise," the bankruptcy court may deny the motion to reopen on that basis. See, e.g., Beezley v. Cal. Land Title Co. (In re Beezley), 994 F.2d 1433, 1437 (9th Cir. 1993).

In this case, the motion to reopen was unnecessary – or pointless – for the following reason: neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure required the reopening of the bankruptcy case in order for Richard to commence the contempt proceedings for alleged violation of the discharge injunction. Staffer and Menk held that reopening of the case is not required either jurisdictionally or otherwise before bringing a post-closing nondischargeability action against the debtor. In Re Staffer, 306 F.3d at 972; In re Menk, 241 B.R. at 912; see

8

also In re Lakhany, 538 B.R. at 560 (same). For the same reasons that Staffer, Menk and Lakhany concluded that reopening was not necessary in order to commence a post-closing action under § 523, case reopening similarly is not necessary for the commencement of post-closing contempt proceedings for violation of the discharge injunction. At most, reopening the case in this context would be a matter of convenience for the clerk of court in order to facilitate case management and file management activities. In re Staffer, 306 F.3d at 972; In re Menk, 241 B.R. at 913.

In addition, the bankruptcy court's "Court Manual"[5] specifies that case reopening is not procedurally required in the Central District of California before commencing a post-closing action under § 523 or a post-closing action to remedy a violation of the discharge injunction. See Court Manual at § 2.8(c) (Last Revised August 2016).

In sum, it was unnecessary to reopen Richard's bankruptcy case in order for Richard to commence contempt proceedings against Robert and his attorneys for alleged violation of the discharge injunction, so the bankruptcy court did not commit reversible error when it denied Richard's motion to reopen.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Richard's motion to reopen his bankruptcy case.

---

[5]The Court Manual describes itself as an "adjunct" to the bankruptcy court's Local Rules and can be found on the bankruptcy court's website at http://www.cacb.uscourts.gov/court-manual (last visited Sept. 22, 2016).

9