NOT FOR PUBLICATION

FILED

FEB 7 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos.   NV-19-1081-BHF |
| | NV-19-1082-BHF |
| JAIRO ALEJANDRO RODRIGUEZ, | (Related Appeals) |
| | |
| Debtor. | Bk. No.    2:18-bk-14694-MKN |
| | |
| JAIRO ALEJANDRO RODRIGUEZ, | Adv. No.   2:18-ap-01123-MKN |
| | |
| Appellant, | |
| | |
| v. | MEMORANDUM* |
| | |
| DOUGLAS B. ROSS, M.D., | |
| | |
| Appellee. | |

Argued and Submitted on November 21, 2019
at Las Vegas, Nevada

Filed – February 7, 2020

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

\* This disposition is not appropriate for publication.  Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Mike K. Nakagawa, Bankruptcy Judge, Presiding

———————

Appearances:    A.J. Kung of Law Offices of AJ Kung, Ltd., argued for
appellant Jairo Alejandro Rodriguez; Amanda M. Perach
of McDonald Carano LLP argued for appellee Douglas B.
Ross, M.D.

———————

Before:    BRAND, HERCHER[**] and FARIS, Bankruptcy Judges.


## INTRODUCTION

Debtor Jairo Rodriguez appeals orders (1) granting Douglas B. Ross, M.D. relief from the automatic stay to continue with a state court action against Rodriguez, (2) denying reconsideration of the stay relief order, and (3) denying Rodriguez's motion to dismiss Dr. Ross's adversary complaint or alternatively for summary judgment and sua sponte staying the adversary proceeding until resolution of the state court action.

The automatic stay terminated before Dr. Ross filed his motion for relief; Rodriguez received a discharge three weeks prior. Because the bankruptcy court had no authority to grant relief from a nonexistent stay, we REVERSE the order granting stay relief.

Rodriguez has not satisfied his burden to establish that we have

———————

[**] Hon. David W. Hercher, Bankruptcy Judge for the District of Oregon, sitting by designation.

jurisdiction over the order denying his motion to dismiss or alternatively for summary judgment and sua sponte staying the adversary proceeding. Therefore, we DISMISS the appeal from this order for lack of jurisdiction.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Prepetition events

Dr. Ross is a licensed physician in Nevada. Rodriguez is a physician's assistant, licensed to practice medicine under the supervision of a licensed physician in Nevada.

In August 2013, Rodriguez formed Rutishauser, LLC, dba NLV Pain Management ("LLC" or "NLV Pain"), a medical practice that offered pain management, urgent care, urine analysis testing, and a pharmaceutical dispensary for patients involved in personal injury claims. Soon thereafter, Rodriguez and Dr. Ross agreed that Dr. Ross would serve as Medical Director for NLV Pain. Dr. Ross received a salary and a 15% ownership interest in the LLC.

In October 2014, Rodriguez and Dr. Ross agreed to increase Dr. Ross's ownership interest in the LLC to 33% in exchange for an additional $60,000 investment.[1] Dr. Ross also made two loans to the LLC. In January 2015, he made a $100,000 loan for the purpose of growing the business of NLV Pain, and in mid-October 2015, he made an emergency loan of $25,000 to cover payroll. In November 2015, Dr. Ross's two loans were consolidated in an

_____

[1] The following facts are as alleged by Dr. Ross.

unsecured promissory note signed by Rodriguez in favor of Dr. Ross.

During this same time period, Dr. Ross repeatedly requested financial information about the LLC. Other than receiving a one-page spreadsheet in February 2015, Dr. Ross was denied access to the LLC's financial records until April 2015, when Rodriguez finally provided him with online "view only" access to the LLC's operating account. Upon review, Dr. Ross noticed unusually large financial transactions and irregularities.

Ultimately, Rodriguez produced the LLC's financial records for 2014 and 2015. The financials showed that Rodriguez was embezzling funds, using LLC money to pay for items not typically paid for with cash (i.e., rent), and making unexplained cash withdrawals. The financials also showed highly suspicious billing practices and commingling of funds with other entities not owned by Dr. Ross.

Thereafter, Dr. Ross demanded that all improper billing cease, that Rodriguez repay all embezzled funds and unauthorized expenditures or distributions, that Rodriguez provide an explanation for money transfers from the LLC, and that all patient billing be suspended pending an investigation. Rodriguez refused Dr. Ross's demands and notified Dr. Ross of his immediate removal as Medical Director for NLV Pain.

In December 2015, Dr. Ross filed suit against Rodriguez (and others) in state court for (1) breach of contract, (2) tortious breach of the implied

4

covenant of good faith and fair dealing, (3) fraudulent misrepresentation, (4) breach of fiduciary duty, (5) civil conspiracy, (6) embezzlement/theft/ conversion, (7) unjust enrichment, (8) injunctive relief, (9) an accounting, and (10) constructive trust ("State Court Action"). The State Court Action was pending for 2 1/2 years when Rodriguez filed his petition.

B.    Postpetition events

Rodriguez filed his chapter 7[2] bankruptcy case on August 6, 2018. On that same day, he removed the State Court Action to the bankruptcy court, which the bankruptcy court remanded on Dr. Ross's motion. The remand order was not appealed. Dr. Ross filed a timely adversary complaint against Rodriguez for claims under § 523(a)(2) and (4). Rodriguez received a chapter 7 discharge on November 14, 2018.

1.    Dr. Ross's motion for relief from stay (Appeal No. 19-1081)

On December 4, 2018, Dr. Ross moved for relief from the automatic stay under § 362(d)(1) to continue with the State Court Action against Rodriguez ("Stay Relief Motion"). Rodriguez argued that "cause" did not exist to terminate the stay, because Dr. Ross's claims in the State Court Action:  (1) were discharged in the bankruptcy; (2) were property of the

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

LLC's bankruptcy estate;[3] or (3) would be resolved by Dr. Ross's adversary complaint. Dr. Ross agreed that the only claims against Rodriguez not discharged were those for fraudulent misrepresentation, breach of fiduciary duty and embezzlement.

After a hearing, the bankruptcy court entered an order granting the Stay Relief Motion ("Stay Relief Order"), finding that Dr. Ross had established "cause." Rodriguez moved for reconsideration of the Stay Relief Order, which the bankruptcy court denied. Rodriguez timely appealed the Stay Relief Order and the order denying reconsideration.

2.      Dr. Ross's adversary complaint (Appeal No. 19-1082)

Rodriguez moved to dismiss Dr. Ross's adversary complaint under Civil Rule 12(b)(6) for failure to state a claim or, alternatively, for summary judgment under Civil Rule 56 ("Motion to Dismiss"). Dr. Ross opposed the Motion to Dismiss.

After a hearing, the bankruptcy court entered an order denying the Motion to Dismiss and staying the adversary proceeding until completion of the State Court Action ("Adversary Order"). Rodriguez timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G) and (I). We have appellate jurisdiction over the Stay Relief

---

[3] Rodriguez caused the LLC to file a chapter 7 bankruptcy case on December 18, 2018.

Order under 28 U.S.C. § 158. However, as we explain below, Rodriguez has not carried his burden of showing that we have appellate jurisdiction over the Adversary Order.

## III. ISSUES

1.     Did the bankruptcy court abuse its discretion in granting Dr. Ross relief from the automatic stay to continue with the State Court Action?

2.     Did the bankruptcy court abuse its discretion in denying the motion to reconsider the Stay Relief Order?

3.     Do we have jurisdiction over the Adversary Order?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *Lakhany v. Khan (In re Lakhany)*, 538 B.R. 555, 559 (9th Cir. BAP 2015). Denial of a motion to amend or alter judgment under Civil Rule 59(e) is reviewed for an abuse of discretion. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct one, or makes illogical or implausible factual findings, or findings without support from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *U.S. v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

To the extent the Panel must determine whether we have jurisdiction to grant the relief requested, jurisdiction is reviewed de novo. *Lake v. Capps*

7

*(In re Lake)*, 202 B.R. 751, 755 (9th Cir. BAP 1996).

V. DISCUSSION

A.    The bankruptcy court abused its discretion in granting the Stay Relief Motion.

The bankruptcy court acknowledged that Rodriguez had received a discharge three weeks prior to Dr. Ross filing his Stay Relief Motion, and that the discharge order discharged Rodriguez's personal liability for his prepetition debts, except for those to be determined in the adversary proceeding. Nonetheless, the court entered the Stay Relief Order granting Dr. Ross relief from the automatic stay to continue with the State Court Action. This was erroneous.

Section 362 provides, in relevant part, that the filing of a bankruptcy petition stays

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

§ 362(a)(1). But "'insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge.'" *In re Lakhany*, 538 B.R. at 561 (quoting *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002) (referencing § 362(c)(2)(C)); *see also ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1009 n.13 (9th Cir. 2006) ("We

8

don't understand why the district court discussed the automatic stay. By August 21, 2002, the automatic stay had long since disappeared; it was only the discharge injunction that was relevant."). The court abuses its discretion if it grants relief from the automatic stay after it is terminated. *In re Lakhany*, 538 B.R. at 561; *In re Munoz*, 287 B.R. at 551.

The automatic stay terminated on November 14, 2018, when the bankruptcy court issued Rodriguez's discharge. The court could not thereafter grant Dr. Ross relief from the nonexistent stay, and it abused its discretion when it did so.[4] Accordingly, we must REVERSE the Stay Relief Order.[5]

---

[4] Proceeding to determine Rodriguez's liability in the State Court Action also would not violate the discharge injunction. The discharge injunction does not apply to this debt, because the debt is the subject of Dr. Ross's adversary proceeding seeking a determination of its dischargeability. The bankruptcy court may ultimately hold that the debt is discharged, but until that happens, the discharge injunction does not apply. *See Kvassay v. Kvassay (In re Kvassay)*, BAP No. CC-15-1420-KiTaKu, 2016 WL 5845672, at *7 (9th Cir. BAP Oct. 6, 2016) ("[U]pon the timely filing of a complaint objecting to dischargeability of a debt under § 523, the discharge injunction does not apply with respect to that debt until the bankruptcy court makes a determination as to the dischargeability of that debt.") (citing cases).

This does not mean, however, that Dr. Ross can proceed to collection should he prevail in the State Court Action. The bankruptcy court has exclusive jurisdiction to determine dischargeability of debts under § 523(a)(2), (4) and (6) and that determination must still be made. § 523(c); *Aldrich v. Imbrogno (In re Aldrich)*, 34 B. R. 776, 781 (9th Cir. BAP 1983) (explaining that claims for nondischargeable debts under § 523(a)(2), (4) and (6) may not be pursued in the state court as a result of the exclusive jurisdiction granted to bankruptcy courts by the Code).

[5] For this same reason, we also REVERSE the order denying reconsideration of

(continued...)

9

B.     We lack jurisdiction over the Adversary Order.

The appellant has the burden of establishing that the appellate court has jurisdiction to hear the case. *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016). As a threshold matter, we must determine our jurisdiction over the Adversary Order. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (generally a federal court must first determine whether it has jurisdiction before reaching the merits of a case). After Rodriguez filed his notice of appeal, the Clerk issued an order directing him to file a written response explaining how the Adversary Order was final and immediately reviewable or, alternatively, to file a motion for leave to appeal. Rodriguez filed his response. The motions panel deferred ruling on appellate jurisdiction to the merits panel and resumed briefing.

An order denying a motion to dismiss a § 523 complaint is an interlocutory order. *Travers v. Dragul (In re Travers)*, 202 B.R. 624, 626 (9th Cir. BAP 1996). The same is true for an order denying a motion for summary judgment. *Jones-Hamilton Co. v. Beazer Materials and Servs., Inc.*, 973 F.2d 688, 690 (9th Cir. 1992). Normally, such orders are not appealable as of right.

While Rodriguez concedes that the bankruptcy court's decisions to

---

[5](...continued)
the Stay Relief Order.

10

deny dismissal of the § 523 complaint and to deny summary judgment are not final and appealable, he argues that the interlocutory order is appealable as of right, because the court's sua sponte stay of the adversary proceeding is an "injunctive order" reviewable under 28 U.S.C. § 1292(a)(1). We disagree.

Interlocutory orders of district courts granting injunctions may be appealed to the court of appeals as of right. 28 U.S.C. § 1292(a)(1).[6] That statute is inapplicable here. Unlike the Court of Appeals, the BAP does not have jurisdiction to hear such orders of the bankruptcy court as of right. *See Morgan-Busby v. Gladstone (In re Morgan-Busby)*, 272 B.R. 257, 260 n.5 (9th Cir. BAP 2002); *Quigley Co., Inc. v. A.C. Coleman (In re Quigley Co., Inc.)*, 323

---

[6] 28 U.S.C. § 1292(a)(1) provides:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

Rodriguez's reliance on *Young Properties* is misplaced. *See Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 850 n.1 (9th Cir. 1976) ("Appellate jurisdiction by virtue of 28 U.S.C. § 1292 exists in bankruptcy matters . . . for the granting or denying of injunctions, under § 1292(a)(1)[.]"). *Young Properties* was a Bankruptcy Act case and was an appeal from a district court exercising bankruptcy jurisdiction, not from a bankruptcy court.

B.R. 70, 75 n.4 (S.D.N.Y. 2005) (language in 28 U.S.C. § 1292(a)(1) indicates that preliminary injunctive orders should be treated differently from other interlocutory orders for purposes of analyzing appealability, but 28 U.S.C. § 158(a) dictates which orders of the bankruptcy court are appealable as of right and includes only final orders, interlocutory orders issued under § 1121(d), and "other interlocutory orders and decrees," including preliminary injunctions, which are only appealable "with leave of the court"); *Mirzai v. Kolbe Foods, Inc. (In re Mirzai)*, 271 B.R. 647, 651 n.4 (C.D. Cal. 2001), *aff'd*, 36 F. App'x 619 (9th Cir. 2002) (noting that while orders of district courts granting or denying injunctions may be appealed to the court of appeals as of right under 28 U.S.C. § 1292(a)(1), there is no similar provision for bankruptcy court orders regarding injunctions). Thus, Rodriguez has not met his burden of establishing our jurisdiction to hear the appeal as of right.

The only way Rodriguez may obtain review of the Adversary Order is to seek leave to appeal. The Panel is authorized to grant leave to appeal interlocutory orders under 28 U.S.C. § 158(a)(3). *In re Travers*, 202 B.R. at 626. Rodriguez did not file a motion for leave to appeal. Instead, he requested in cursory fashion in his response that we grant leave to appeal solely on the basis that it was inequitable for the bankruptcy court to sua sponte stay the adversary proceeding pending resolution of the State Court Action. Given the lack of a proper motion and supported argument

establishing the factors necessary for granting leave, Rodriguez has not met his burden to establish that we should grant leave under 28 U.S.C. § 158(a)(3).

Since Rodriguez did not meet his burden of establishing our jurisdiction over the Adversary Order, we DISMISS the appeal for lack of jurisdiction.

## VI. CONCLUSION

For the reasons stated above, we REVERSE the Stay Relief Order, and we DISMISS for lack of jurisdiction the appeal of the Adversary Order.