**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:

MAZIYAR JAMES KHABUSHANI,

            Debtor.

---

MAZIYAR JAMES KHABUSHANI,

            Appellant,

v.

KILEY TASLITZ ANDERSON,

            Appellee.

BAP No. CC-20-1243-TFL

Bk. No. 2:19-bk-11796-BR

**MEMORANDUM**[*]

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: TAYLOR, FARIS, and LAFFERTY, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Chapter 7[1] debtor Maziyar James Khabushani appeals the bankruptcy court's order granting creditor Kiley Taslitz Anderson relief from the automatic stay to file a California Code of Civil Procedure § 187 motion to amend her California state court judgment to add Mr. Khabushani's postpetition-created entity as a judgment debtor and to enforce the judgment against the entity—not against estate assets.

On this record, however, the matter was moot when decided. Mr. Khabushani received a § 727 discharge nearly twelve weeks beforehand, and the stay terminated for all applicable purposes at that time. Thus, the bankruptcy court abused its discretion by granting relief from a nonexistent stay. We REVERSE.

## FACTS[2]

Prepetition, Ms. Anderson obtained a final arbitration award ("Award") determining that Mr. Khabushani was jointly and severally liable for her wrongful termination.

Mr. Khabushani later filed his chapter 7 bankruptcy case, and Ms. Anderson successfully excepted the Award from discharge. In a concurrently pending appeal, we affirmed this determination.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court's dockets. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

After filing bankruptcy, Mr. Khabushani created Dreamcrzy Studios LLC ("Dreamcrzy"). Ms. Anderson, having identified Dreamcrzy as a possible source of collection, filed a motion for relief from the automatic stay allowing her to: (1) file a motion to amend the state court judgment to add Dreamcrzy as an additional judgment debtor pursuant to California Code of Civil Procedure § 187[3]; and (2) enforce the state court judgment against Dreamcrzy. Her motion specified that the stay would remain in effect with respect to any enforcement action against property of Mr. Khabushani's bankruptcy estate or as to other collection action against him.

Mr. Khabushani opposed the stay relief motion. He disputed that Dreamcrzy was his alter ego or otherwise liable for payment of the Award. He further contended that assuming, arguendo, that Dreamcrzy was his alter ego, Dreamcrzy would be his equivalent and Ms. Anderson would be essentially seeking an improper enforcement of the judgment against him and his postpetition assets.

At the hearing on the stay relief motion, the bankruptcy court did not address the arguments made by the parties in their papers. Instead, it indicated that it would grant Ms. Anderson stay relief if she prevailed on

---

[3] Under California Code of Civil Procedure § 187, "[j]udgments may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor." *Danko v. O'Reilly*, 232 Cal. App. 4th 732, 736 (2014) (citation omitted).

her then—pending § 523(a)(6) claim. Thus, the bankruptcy court trailed the stay relief motion until it considered a summary judgment motion potentially resolving the § 523(a)(6) matter.

Thereafter and before the summary judgment hearing, the bankruptcy court entered an order granting Mr. Khabushani a § 727 discharge. It then held a joint hearing on the stay relief motion and summary judgment motion at which it orally granted Ms. Anderson summary judgment on her § 523(a)(6) claim, and, consistent with its tentative ruling, orally granted stay relief. A judgment and stay relief order followed.

Mr. Khabushani timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in granting Ms. Anderson stay relief?

## STANDARD OF REVIEW

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *Lakhany v. Khan (In re Lakhany)*, 538 B.R. 555, 559 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings are illogical, implausible, or without support in the record. *See TrafficSchool.com, Inc. v.*

*Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Pursuant to § 362(a), the filing of a bankruptcy petition imposes an automatic stay on, among other things: (1) the continuation of prepetition litigation against the debtor; (2) any act to collect or recover a prepetition claim against the debtor; and (3) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the bankruptcy filing. § 362(a)(1), (2), (6). "[T]he stay of an act against property of the estate . . . continues until such property is no longer property of the estate[.]" § 362(c)(1). The stay of all other acts listed in § 362(a) expires at the earliest of the time the bankruptcy case is closed, the case is dismissed, or a discharge is granted or denied. § 362(c)(2). Thus, "insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge." *In re Lakhany*, 538 B.R. at 561 (quoting *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002)); *see also ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1009 n.13 (9th Cir. 2006).[4]

A bankruptcy court abuses its discretion by granting relief from the automatic stay after the stay has terminated. *In re Lakhany*, 538 B.R. at 561; *In re Munoz*, 287 B.R. at 551. Here, the stay terminated as to the

---

[4] Typically, when the automatic stay terminates, the discharge injunction takes its place. But the bankruptcy court held that the Award was not dischargeable, and we affirmed that decision; the discharge injunction did not apply to it.

continuation of the state court action and other acts against Mr. Khabushani and his non-estate property when Mr. Khabushani received his § 727 discharge. While at the time of the stay relief order the automatic stay remained in effect as to acts against estate property, no one contends that Dreamcrzy is an estate asset and nothing in the record suggests a different conclusion. Further, Ms. Anderson never sought stay relief to pursue estate property. She sought stay relief only to enforce the Award against Dreamcrzy, which Mr. Khabushani contends he formed postpetition with non-estate property.

Because the stay did not prevent Ms. Anderson from continuing the state court action or enforcing the Award against Dreamcrzy at the time the stay relief order was entered, the bankruptcy court necessarily abused its discretion in granting stay relief.

## CONCLUSION

Based on the foregoing, we REVERSE.