**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE LENORE L. ALBERT-SHERIDAN,
*Debtor*,

LENORE L. ALBERT-SHERIDAN, DBA
Law Offices of Lenore Albert,
*Appellant*,

v.

STATE BAR OF CALIFORNIA;
MARICRUZ FARFAN; BRANDON
TADY; ALEX HACKERT; YVETTE
ROLAND; PAUL BERNARDINO,
*Appellees.*

No. 19-60023

BAP No.
18-1222

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Faris, Bankruptcy Judges,
Presiding

Submitted March 30, 2020[*]
Pasadena, California

Filed June 10, 2020

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Richard A. Paez, Consuelo M. Callahan,
and Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Bumatay

## SUMMARY[**]

### Bankruptcy

The panel affirmed in part and reversed in part the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's dismissal and remanded in a chapter 7 debtor's adversary proceeding asserting that fees imposed by the State Bar of California on a member suspended for misconduct were dischargeable debts.

The State Bar conditioned the debtor's reinstatement on the payment of court-ordered discovery sanctions and costs associated with its disciplinary proceedings.

Affirming in part, the panel followed *In re Findley*, 593 F.3d 1048 (9th Cir. 2010), and held that the costs of the State Bar disciplinary proceeding under Cal. Bus. & Prof. Code §§ 6086.10(b)(3) and 6140.7 were non-dischargeable under 11 U.S.C. § 523(a)(7), which makes non-dischargeable a debt that is "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Reversing in part, the panel held that the discovery sanctions under Cal. Civ. Proc. Code § 2023.030 were dischargeable because, under the plain test of 11 U.S.C. § 523(a)(7), they were not payable to and for the benefit of a governmental unit and were compensation for actual pecuniary losses. The panel found inapplicable the holding of *Kelly v. Robinson*, 479 U.S. 36 (1986), that the dischargeability of a debt turns on the purpose of a restitution award rather than the ultimate recipient of the funds.

The panel affirmed as to the dismissal of the debtor's claim that by failing to reinstate her law license, the State Bar violated 11 U.S.C. § 525(a), which prohibits a government unit from denying, revoking, suspending, or refusing to renew a debtor's license solely because the debtor filed for bankruptcy or failed to pay a dischargeable debt.

In a separate memorandum disposition, the panel affirmed as to the dismissal of the debtor's non-bankruptcy claims and the denial of leave to amend her complaint.

---

## COUNSEL

Lenore L. Albert, Westminster, California, pro se Appellant.

Vanessa L. Holton, Robert G. Retana, and Suzanne C. Grandt, Office of General Counsel, State Bar of California, San Francisco, California, for Appellees.

**OPINION**

BUMATAY, Circuit Judge:

The State Bar of California suspended one of its members for misconduct. It conditioned her reinstatement on the payment of court-ordered discovery sanctions and costs associated with its disciplinary proceedings. Rather than pay the two fees, the suspended attorney sought to discharge them in bankruptcy.

We consider whether the Bankruptcy Code permits this. The bankruptcy court and the Ninth Circuit Bankruptcy Appellate Panel ("BAP") held that the two fees were non-dischargeable debts. We disagree. While our precedent holds that the costs of the disciplinary proceedings may not be discharged, the plain text of the Code requires a contrary result for the discovery sanctions. For this reason, we affirm in part and reverse in part.

**I.**

**BACKGROUND**

**A.  Discovery Sanctions and State Bar Proceedings**

Until her suspension, Lenore Albert-Sheridan had practiced as an attorney in California since December 2000 with no disciplinary record. She served as a consumer-advocate attorney, often representing homeowners in residential housing and mortgage disputes. By her own account, Albert stopped over 1,000 foreclosure sales in one case alone.

Beginning in May 2012, Albert represented Norman and Helen Koshak in an unlawful detainer matter in California

Superior Court. In that case, plaintiffs 10675 S. Orange Park Boulevard, LLC, Francis Lantieri, and Gary Schneider ("Orange Park Boulevard") commenced an action to evict the Koshaks from their property. In August 2012, Orange Park Boulevard filed three motions to compel Helen Koshak's response to several discovery requests. In each motion, Orange Park Boulevard also sought costs and fees against Koshak and Albert for misuse of the discovery process under California Code of Civil Procedure § 2023.030.

After a hearing, a California Superior Court commissioner granted the discovery motions and imposed sanctions against Helen Koshak and her "counsel-of-record, Lenore Albert" in three separate orders. The commissioner ordered that they pay "monetary sanctions" of $2,675.50, $1,242.50, and $1,820.00 (totaling $5,738) to "Plaintiff 10675 S Orange Park Boulevard, LLC," jointly and severally within 30 days. To date, these discovery sanctions have not been paid.

In early 2015, the State Bar received a complaint against Albert and initiated an investigation. By July 2015, the State Bar requested documents and written responses from Albert. Albert failed to comply with the inquiry and instead requested an extension to the "eternity of time" while accusing the State Bar of wrongdoing.

The following year, the State Bar began disciplinary proceedings and charged Albert with, as relevant here, failing to cooperate with its investigation and disobeying the court orders to pay Orange Park Boulevard the discovery sanctions. After a State Bar trial, the hearing officer found Albert culpable on both counts. The hearing officer recommended a 30-day suspension of Albert's law license with reinstatement conditioned on her payment of the

discovery sanctions. The hearing officer also awarded $18,714 to the State Bar in "reasonable costs" for the disciplinary proceedings under California Business and Professions Code § 6086.10(b)(3). The costs included a pre-set base charge of $16,758 plus $1,956 for investigations. California law requires the payment of disciplinary costs as a prerequisite for Bar reinstatement. Cal. Bus. & Prof. Code § 6140.7.

On appeal, the State Bar Review Department affirmed Albert's culpability on the two charges, her suspension, and the imposition of the disciplinary proceedings' costs.

In December 2017, the California Supreme Court entered a final order of discipline. The supreme court ordered Albert suspended for 30 days, to be continued until:

> She pays the following sanctions (or reimburses the Client Security Fund, to the extent of any payment from the Fund to the payees . . .), and furnishes proof to the State Bar . . . the $2,675.50, $1,242.50, and $1,820 sanctions awards issued on August 31, 2012, by the Superior Court of Orange County . . . plus 10 percent interest per year from August 31, 2012.

*In re Albert on Discipline*, No. S243927, 2017 Cal. LEXIS 9745, at *1 (Cal. Dec. 13, 2017). It also awarded the costs of the disciplinary proceedings to the State Bar. *Id.* at *3. The supreme court later denied Albert's petition for rehearing. To date, Albert has not paid the disciplinary proceeding costs.

## B. Bankruptcy Proceedings

In February 2018, Albert filed for Chapter 13 bankruptcy. The bankruptcy court later converted Albert's case to Chapter 7 based on her inability to fund a confirmable Chapter 13 plan.

In April 2018, Albert filed an adversarial complaint in bankruptcy court against the State Bar and several of its employees. In her complaint, Albert alleged (1) the dischargeability of debts under 11 U.S.C. § 523(a)(7); (2) the violation of 11 U.S.C. § 525(a)'s anti-discrimination provision; (3) the violation of her rights under 42 U.S.C. § 1983; (4) the violation of California's Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act; and (5) the claim that California Business and Professions Code §§ 6103, 6086.10, and 6140.7 are unconstitutional.[1]

Four months later, the bankruptcy court granted the State Bar's motion to dismiss the complaint. The bankruptcy court held that both the discovery sanctions and disciplinary costs were non-dischargeable based on *In re Findley*, 593 F.3d 1048 (9th Cir. 2010). The bankruptcy court also dismissed the § 525(a) claim because the State Bar could predicate Albert's reinstatement on the payment of non-dischargeable debts. Albert filed a timely notice of appeal to the BAP, which affirmed on largely the same grounds. *In re Albert-Sheridan*, No. 8:18-AP-01065-SC, 2019 WL 1594012 (B.A.P. 9th Cir. Apr. 11, 2019).

---

[1] In a separate memorandum, we affirm the dismissal of Albert's non-bankruptcy claims and deny her leave to amend her complaint.

Before us is Albert's appeal from the BAP's decision. We have jurisdiction under 28 U.S.C. § 158(d)(1) and review de novo the BAP's decision and the bankruptcy court's dismissal of Albert's complaint for failure to state a claim. *In re Turner*, 859 F.3d 1145, 1148 (9th Cir. 2017).

## II.

## DISCUSSION

### A.

A Chapter 7 discharge "releases the debtor from personal liability for her pre-bankruptcy debts." *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005). A debtor is entitled to a discharge of all pre-petition debts except for nineteen categories of debts set forth in the Code. 11 U.S.C. §§ 727(b), 523(a). One of the exceptions makes non-dischargeable a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

In this case, Albert seeks the discharge of two debts: (1) the $18,714 assessed against her for the costs of the State Bar's disciplinary proceedings, and (2) the $5,738 in discovery sanctions ordered by a California superior court. We consider § 523(a)(7)'s application to each debt in turn.

### 1.

Our court has already addressed whether a debtor may discharge the costs of the State Bar's attorney disciplinary proceedings imposed under California Business and Professions Code § 6086.10. The clear answer is no.

In *Findley*, we held that the costs of State Bar attorney disciplinary proceedings are non-dischargeable based on their punitive and rehabilitative nature. 593 F.3d at 1049, 1052–54. Like here, the attorney in that case was assessed a standard, preset charge and the actual costs of the proceedings. *Id.* at 1049. California law classifies these costs as "penalties, payable to and for the benefit of the State Bar of California, a public corporation created pursuant to Article VI of the California Constitution, to promote rehabilitation and to protect the public." Cal. Bus. & Prof. Code § 6086.10(e).

The *Findley* court concluded that California's classification of the costs was sufficient to render them non-dischargeable under § 523(a)(7). 593 F.3d at 1054. We determined that the § 6086.10 costs were not compensatory to the State Bar but rather "disciplinary costs" imposed only for "misconduct that merits public reproval, suspension or disbarment." *Id*. We thus agreed that the costs were "not compensation for actual pecuniary loss" under § 523(a)(7). *Id*.

*Findley* stands on all fours with this case. Because *Findley* ruled that attorney disciplinary costs under § 6086.10 are excepted from discharge, Albert's $18,714 debt to the State Bar is non-dischargeable.

Albert argues that *Findley* was wrongly decided given that disciplinary proceeding costs are based on the amount of time the State Bar expends, not on the attorney's underlying conduct—which fits more with compensation rather than punishment. Albert asks us to overrule *Findley* for this reason. This is a non-starter. *Findley* is binding precedent on this question, and we must follow it. *See Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003) ("[I]n the absence of intervening Supreme Court precedent,

one panel cannot overturn another panel, regardless of how wrong the earlier panel decision may seem to be.") (quoting *Hart v. Massanari*, 266 F.3d 1155, 1171–72 (9th Cir. 2001).[2]

**2.**

Unlike attorney disciplinary proceeding costs, the dischargeability of discovery sanctions under California Code of Civil Procedure § 2023.030 is a matter of first impression in this court. As is often the case, "the plain language of the Bankruptcy Code disposes of the question before us." *Toibb v. Radloff*, 501 U.S. 157, 160 (1991).

Section 523(a)(7) expressly requires three elements for a debt to be non-dischargeable. The debt must (1) be a fine, penalty, or forfeiture; (2) be payable to and for the benefit of a governmental unit; and (3) not constitute compensation for actual pecuniary costs. 11 U.S.C. § 523(a)(7). Here, the discovery sanctions plainly do not satisfy the last two of these elements and, thus, are not excepted from discharge.[3]

California law authorizes the award of "sanctions" for the "misuse of the discovery process." Cal. Civ. Proc. Code § 2023.030(a). A "court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay

---

[2] To the extent Albert seeks initial en banc review of this matter, she failed to comply with Federal Rule of Appellate Procedure 35(c), and we deny her request.

[3] Because the discovery sanctions do not meet the governmental unit or non-compensatory elements, we need not address whether they are also fines, penalties, or forfeitures under the Code.

the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." *Id.*

By its terms, the law does not provide for the sanctions to be paid to the court or any other governmental entity, but to "anyone" incurring an expense as a result of discovery abuse. *See Parker v. Wolters Kluwer United States, Inc.*, 149 Cal. App. 4th 285, 300 (Cal. Ct. App. 2007) ("On its face section 2023.030 appears to say monetary sanctions and issue sanctions can only be imposed in favor of a party who has suffered harm as the result of the sanctioned party's misuse of the discovery process[.]").

Here, Albert was ordered to pay the discovery sanctions to "Plaintiff 10675 S. Orange Park Boulevard, LLC." Orange Park Boulevard is not a governmental unit, nor was the sanction for the benefit of a governmental unit. *See Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098, 1117 (Cal. Ct. App. 2020) (explaining that "discovery sanctions . . . protect the interests of the party entitled to, but denied, discovery, not to punish the non-compliant party") (simplified). Accordingly, the discovery sanctions are not payable to or for the benefit of a governmental unit.

The State Bar confirmed this understanding in proceedings before the bankruptcy court.

> THE COURT: [I]f Ms. Albert won the lottery tomorrow . . . who would she write the check to for the discovery sanctions?
>
> MS. GRANDT: So as of now, it would be written to that third party – let me get their names. They're Francis Lantieri, Gray [sic] Schneider, and 10675 South Orange Park Boulevard.

> THE COURT: Okay. And the discovery sanctions would be written to a third party, not to the State of California, not to the State Bar, to a third party?
>
> MS. GRANDT: Correct.

Bankr. Ct. Hr'g Tr. 31, Aug. 31, 2018.

Furthermore, the discovery sanctions also constitute "compensation for actual pecuniary costs." 11 U.S.C. § 523(a)(7). The sanctions are only available to "pay the reasonable expenses, including attorney's fees, incurred." Cal. Civ. Proc. Code § 2023.030(a). Thus, the discovery sanctions enforce compliance with discovery procedures by "assessing the costs of compelling compliance against the defaulting party." *Pratt v. Union Pac. R.R. Co.*, 168 Cal. App. 4th 165, 183 (Cal. Ct. App. 2008) (simplified). Here, the California superior court ordered the sanctions to reflect the costs Orange Park Boulevard incurred responding to Koshak and Albert's misuse of the discovery process. Accordingly, the discovery sanctions were commensurate with Orange Park Boulevard's expenses to litigate the discovery motions against Albert's former client and, thus, were "compensatory."[4]

---

[4] Although § 2023.030(a)'s text is sufficient to prove its compensatory nature, to the extent our precedent compels a peek behind its legislative purpose, we are satisfied of its pecuniary aim. In contrast to the penal and rehabilitative ends of attorney disciplinary proceedings costs, *see Findley*, 593 F.3d at 1054, the discovery sanctions are not meant to "provide a weapon for punishment, . . . but to prevent abuse of the discovery process and correct the problem presented," *Parker*, 149 Cal. App. 4th at 301.

Under the plain text of § 523(a)(7), the discovery sanctions are not the type of debt protected from discharge. Accordingly, we reverse the BAP's finding that Albert's discovery sanctions are non-dischargeable under Chapter 7.[5]

In finding the discovery fees dischargeable, the BAP relied on its understanding of the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36 (1986). The BAP ruled that, "notwithstanding the statutory language" of § 523(a)(7), the dischargeability of a debt "turns on the purpose of the restitution award rather than the ultimate recipient of funds." *In re Albert-Sheridan*, 2019 WL 1594012, at *4 (citing *Kelly*, 479 U.S. at 52–53). The BAP then reasoned that since the California Supreme Court ordered the payment of the discovery sanctions, "they were transformed into a primarily punitive sanction that was nondischargeable under § 523(a)(7), despite the fact that the sanctions are payable to the affected parties rather than the State Bar." *Id.* at *6. We disagree that *Kelly* has such a broad reach.

In *Kelly*, the Supreme Court held that criminal restitution paid to a state agency as a condition of probation was non-

---

[5] The California Supreme Court alternatively ordered Albert to reimburse the State Bar's Client Security Fund, "to the extent of any payment from the Fund to the payees, in accordance with section 6140.5." *In re Albert on Discipline*, 2017 Cal. LEXIS 9745, at *1. The State Bar established a Client Security Fund to relieve or mitigate pecuniary losses caused by an attorney's dishonest conduct. Cal. Bus. & Prof. Code § 6140.5(a). Some courts have considered reimbursements to the Client Security Fund to be payable to the government. *See In re Phillips*, 2010 WL 4916633, at *5 (C.D. Cal. Dec. 1, 2010); *Brookman v. State Bar*, 760 P.2d 1023 (Cal. 1988). Nevertheless, the record does not show that any Client Security Fund payments were disbursed to Orange Park Boulevard in this case. Accordingly, that issue is not before us.

dischargeable under § 523(a)(7). 479 U.S. at 50. There, the defendant was ordered to pay restitution to the State of Connecticut's probation office, which then forwarded the payments to the victim. *Id.* at 39–40. The defendant filed for Chapter 7 bankruptcy and sought discharge of the restitution obligation. *Id.* at 39.

Based on its "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings," the Court held that § 523(a)(7) prevents the discharge of restitution despite it not being for the benefit of a governmental unit. *Id.* at 47, 50. The Court observed that § 523 was enacted against the "background of an established judicial exception to discharge for criminal sentences, including restitution orders[.]" *Id.* at 46. Although restitution "resemble[s]" a judgment for the benefit of a victim, the Court reasoned that such a payment really benefits "society as a whole." *Id.* at 52. Furthermore, since a criminal sentence "necessarily considers the penal and rehabilitative interests of the State," the Court held that restitution orders are sufficiently within the meaning of § 523(a)(7). *Id.* at 53.

Given that *Kelly* was based on a "deep conviction" rather than statutory language, we have raised concerns that it has "led to considerable confusion among federal courts and practitioners about section 523(a)(7)'s scope." *In re Scheer*, 819 F.3d 1206, 1210 (9th Cir. 2016) (collecting cases). We further compared *Kelly*'s approach of "untether[ing] statutory interpretation from the statutory language" to a "relic[] of the 1980s." *Id.* Like other relics of the 1980s, such as big hair, jam shorts, and acid-wash jeans, *Kelly*'s atextual interpretative method should not come back into fashion. Thus, we have sought to cabin *Kelly*'s reach and refused to expand its rationale to an arbitration award

requiring an attorney to refund a client's funds. *Id.* at 1211. We have also declined to extend *Kelly* to except criminal restitution payments under the Code's preference statute, 11 U.S.C. § 547(b). *In re Silverman*, 616 F.3d 1001, 1007–08 (9th Cir. 2010).

Thus, *Kelly* does not alter the outcome required by the text of § 523(a)(7) in this case. *Kelly* was animated by a "long history" of judicial exceptions for criminal restitution payments in discharge statutes and a concern for "disturb[ing] state criminal proceedings." *Id.* at 1007. These rationales do not apply to the discharge of discovery sanctions at issue here. Although the California Supreme Court conditioned Albert's reinstatement on payment of the sanctions in its order of discipline, Albert's debt compensates a private party for the costs of litigating civil discovery motions for its own benefit. Nothing in these circumstances would cause us to depart from the plain language of the Code.

Indeed, the Supreme Court has consistently reminded us of our duty to follow the law as enacted by Congress, not as judged by our convictions. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) ("We must enforce plain and unambiguous statutory language according to its terms."); *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989) ("Our task is to apply the text, not to improve upon it."). This command does not change when the matter involves bankruptcy. "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). Accordingly, when it comes to interpreting the Code, we are not at liberty to "alter the balance struck by the statute." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973,

987 (2017) (simplified). Accordingly, we are bound to follow the plain meaning of § 523(a)(7) here.

For these reasons, we hold that discovery sanctions imposed under California Code of Civil Procedure § 2023.030(a) are dischargeable under § 727(b).[6]

**B.**

Finally, Albert contends that the State Bar violated 11 U.S.C. § 525(a) by failing to reinstate her law license because of her nonpayment of dischargeable debts.

Section 525(a) prohibits a governmental unit from "deny[ing], revok[ing], suspend[ing], or refus[ing] to renew" a debtor's license "solely because" the debtor filed for bankruptcy or failed to pay a dischargeable debt. 11 U.S.C. § 525(a). Although the provision prevents discrimination against a debtor based on a dischargeable debt, the inverse is also true: "The government *may* take action that is otherwise forbidden when the debt in question is one of the disfavored class that is nondischargeable." *FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 307 (2003) (emphasis in original).

As stated above, the costs of the State Bar's disciplinary proceedings are non-dischargeable under § 523(a)(7) and

---

[6] Albert also claims that the superior court orders awarding the discovery sanctions to Orange Park Boulevard were invalid because they were procedurally deficient under California Code of Civil Procedure § 2023.040. Albert waived this argument by failing to present it to the bankruptcy court. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not properly raised in the trial courts.") (simplified).

*Findley.* Accordingly, the State Bar is within its right to condition reinstatement on the payment of that debt. *Id.* We affirm the dismissal of this claim.[7]

\* \* \*

For the foregoing reasons, we affirm the BAP in part and reverse in part and remand in light of this opinion. Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED** in part; **REVERSED** in part; **REMANDED**.

---

[7] Albert also appeals the denial of a preliminary injunction or temporary restraining order enjoining the State Bar from suspending her law license under 11 U.S.C. §§ 525(a) and 105. Section 105 is not a substantive grant of authority but empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. 11 U.S.C. § 105(a). Since we affirm the dismissal of her § 525(a) claim, she has no likelihood of success on the merits and, thus, injunctive relief is not warranted here. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).