
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARILYN S. SCHEER,<br>　　　　　　Debtor. | BAP No. CC-23-1159-GCF<br><br>Bk. No. 1:13-bk-14649-VK |
| MARILYN S. SCHEER,<br>　　　　　　Appellant,<br>v.<br>THE STATE BAR OF CALIFORNIA, a<br>public corporation,<br>　　　　　　Appellee. | Adv. No. 1:23-ap-01016-VK<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Chapter 7 debtor Marilyn S. Scheer ("Debtor") filed an adversary

complaint against The State Bar of California[1] ("State Bar"), alleging

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] "The State Bar is a constitutional entity, placed within the judicial article of the California Constitution." *In re Rose*, 22 Cal. 4th 430, 438 (2000). It has been described as "an administrative arm" of the California Supreme Court for the purpose of assisting in admission and discipline of attorneys, but the California Supreme Court retains its inherent judicial authority to disbar or suspend attorneys. *Id.* (citations omitted). For a

violations of § 525[2] and § 524(a). After Debtor received her discharge, the California Supreme Court entered two orders (the "Disciplinary Orders") suspending Debtor's license to practice law and requiring her to pay restitution to several clients, pay statutory costs to the State Bar, and perform other non-monetary actions as conditions to reinstatement. Although the restitution obligations were discharged in Debtor's chapter 7 bankruptcy case under the holding of *Kassas v. State Bar of California*, 49 F.4th 1158 (9th Cir. 2022), the State Bar refused to reinstate Debtor's license until she satisfied the other requirements of the Disciplinary Orders.

Debtor did not allege that she paid the costs of enforcement, which the bankruptcy court noted were nondischargeable, or that she satisfied the other conditions for reinstatement. Thus, the bankruptcy court granted the State Bar's motion to dismiss under Civil Rule 12(b)(6), made applicable by Rule 7012.

Debtor argues that none of the reinstatement conditions are valid because both Disciplinary Orders are void *ab initio*. Debtor misconstrues the law, and she does not demonstrate reversible error by the bankruptcy court. We AFFIRM.

---

description of the state bar disciplinary process, see *In re Rose*, 22 Cal. 4th at 438-41.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

**FACTS[3]**

## A.    Debtor's disciplinary hearings

Debtor is an attorney who was licensed in California since 1987. Between October 2009 and January 2010, Debtor provided legal services in loan modification cases involving clients in California and twelve other states. She was not licensed to practice law in the twelve other states.

In May 2012, the State Bar Office of Chief Trial Counsel filed a notice of disciplinary charges against Debtor asserting that she: (1) committed unauthorized practice of law in the cases with clients outside of California; and (2) violated California consumer protection laws by collecting fees from clients prior to fully performing the loan modification work. Debtor admitted many of the underlying factual allegations but denied culpability.

After a trial, the State Bar Court Hearing Department found Debtor culpable of misconduct in thirty-two loan modification cases, and it issued a decision in February 2013 recommending a three-year suspension, with execution stayed, and four years of probation. It recommended probation conditions including: (1) suspension from the practice of law for a minimum of the first two years of probation; and (2) reinstatement after payment of restitution, payment of costs pursuant to California Business

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's proceeding and the main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

and Professions Code § 6086.10,[4] and additional ethics and professional responsibility training.

The State Bar Review Department, after conducting an independent review, determined that Debtor committed unauthorized practice of law in thirty cases outside of California and violated state law in the four California cases. The Review Department recommended a three-year period of stayed suspension, with three years of probation conditioned on a minimum two-year suspension with reinstatement after payment of approximately $120,000 in restitution, completion of probation requirements, ethics training, and payment of statutory costs.[5] In July 2014, the California Supreme Court denied Debtor's request for review and entered an order adopting the recommendations of the State Bar Court Review Department.

In July 2013, the State Bar Office of Chief Trial Counsel filed a second notice of disciplinary charges alleging that Debtor committed unauthorized practice of law in three additional cases with clients outside of California.

---

[4] The statute provides that any order imposing discipline on an attorney shall include an award of costs. The award of "costs" includes expenses typically defined as taxable costs in civil litigation, but also includes charges determined by the State Bar to be "reasonable costs" of investigation, hearing, and review. Cal. Bus. & Prof. Code § 6086.10(b). The statute specifically provides that "costs imposed pursuant to this section are penalties, payable to and for the benefit of the State Bar of California . . . to promote rehabilitation and to protect the public." Cal. Bus. & Prof. Code § 6086.10(e).

[5] The State Bar Court entered a certificate of costs, pursuant to Cal. Bus. & Prof. Code § 6086.10(b), which totaled $49,469.50. The California Supreme Court subsequently granted partial relief from the cost award by reducing it to $20,005 and permitting Debtor to pay the reduced amount in ten equal annual installments.

In April 2015, the State Bar Office of Chief Trial Counsel filed a third notice of disciplinary charges against Debtor for unauthorized practice of law with one additional out-of-state client.

The State Bar Hearing Department found Debtor culpable as charged in both additional matters, but it recommended no additional discipline because the conduct occurred during the same period as the misconduct in the first action. The State Bar Review Department then conducted a consolidated review and found Debtor culpable of unauthorized practice of law and collecting illegal fees. Because Debtor refused to acknowledge her misconduct or refund the illegal fees she collected, the Review Department recommended a new period of stayed suspension and probation, requiring a minimum two-year suspension with reinstatement conditioned on payment of approximately $18,000 in restitution, completion of probation requirements, additional ethics and professional responsibility training, and payment of costs.[6] The California Supreme Court denied review, and in March 2017, it entered an order adopting the Review Department's recommendations.

B.      **The bankruptcy and adversary proceeding**

In July 2013, Debtor filed a chapter 7 petition. She scheduled over 850 unsecured claims, the vast majority of which were clients or former clients with disputed claims of unknown value against her law firm. Debtor also

---

[6] The State Bar Court entered a certificate of costs for the second and third proceedings in the amount of $20,699.

scheduled a disputed unsecured claim in favor of the State Bar for an unknown amount. Debtor received her discharge, and her case was closed in November 2013.

In May 2023, Debtor reopened her case and filed the present adversary complaint. She alleged that the State Bar violated the discharge injunction by pursuing and obtaining a "lien or charge" against her law license in the form of a mandatory payment obligation. Debtor contended that both Disciplinary Orders violated § 524(a) and were thus void and entirely unenforceable. She further asserted that the State Bar violated the anti-discrimination provision of § 525(a) by refusing to reinstate her license to practice law.

In response, the State Bar filed a motion to dismiss. It argued that Debtor failed to allege any actions by the State Bar to collect, recover or offset a discharged debt. It maintained that attorney discipline proceedings do not violate the automatic stay under *Wade v. State Bar of Arizona (In re Wade)*, 948 F.2d 1122 (9th Cir. 1991), and continuation of such proceedings does not violate the discharge injunction. The State Bar argued the Disciplinary Orders were not rendered void merely because they contained dischargeable payment conditions. It asserted that the discharge injunction prevents enforcement of Debtor's personal liability, but it does not cancel Debtor's legal obligations under the orders. The State Bar maintained that, prior to the Ninth Circuit's decision in *Kassas*, it had a reasonable basis to believe that the restitution obligations were not discharged, and

6

consequently, Debtor could not establish a basis for sanctions. Finally, it argued that Debtor failed to state a claim for violation of § 525 because she made no allegation that the State Bar refused to reinstate her license solely because she did not pay a discharged debt. The State Bar noted that Debtor admitted she did not pay the court-ordered costs, which were nondischargeable, and she did not allege that she satisfied all other conditions of reinstatement under the Disciplinary Orders.

Debtor opposed the motion and argued that because both Disciplinary Orders required Debtor to pay restitution, which was discharged, they were void *ab initio*. She claimed that the mandatory payment conditions constituted a "lien" on her law license in violation of § 524(a)(2). Unlike the automatic stay, Debtor asserted that the discharge injunction contains no exception for attorney disciplinary actions. She argued that cost awards connected with the pursuit of dischargeable debt necessarily violate the discharge injunction. Debtor clarified that she was not seeking compensation for any efforts to collect restitution prior to the *Kassas* decision, and instead was challenging the State Bar's post-*Kassas* conduct in refusing to reinstate her license without payment of the cost awards.[7]

---

[7] In February 2023, Debtor filed a motion in the State Bar Court for relief from the cost awards. She argued that the California Supreme Court orders violated the discharge injunction and were thus void and unenforceable. The State Bar opposed her requested relief, and the State Bar Court denied her motion.

In reply, the State Bar contended that the Disciplinary Orders were premised on Debtor's ethical violations, and it did not assert any charges based on any debt owed by Debtor. It argued that the obligations imposed by the California Supreme Court did not create a lien because Debtor's bar license has no resale value, cannot be transferred, and is not "owned" by the licensee. The State Bar asserted that the Disciplinary Orders remained valid, and although California law permitted the State Bar to obtain a money judgment based on the orders, it had not done so.

## C.     The bankruptcy court's decision

After a hearing, the bankruptcy court granted the State Bar's motion to dismiss, with leave to amend. The court held that Debtor did not state a claim for violation of the discharge injunction because: (1) the discharge injunction prevents collection or enforcement of discharged restitution obligations, but it did not void the liability imposed under the Disciplinary Orders or affect the nondischargeable cost awards or other nonmonetary conditions; and (2) the State Bar Court proceedings concerned Debtor's culpability for ethical violations and did not constitute enjoined collection activity. The court reasoned that because Debtor did not pay the costs or satisfy the nonmonetary conditions under the Disciplinary Orders, the State Bar had at least a fair ground of doubt that refusal to reinstate Debtor's license would constitute a violation of the discharge injunction. Finally, the bankruptcy court held that Debtor did not state a claim for violation of § 525(a) because the State Bar could permissibly refuse to

8

reinstate Debtor's license until she paid the nondischargeable cost awards and satisfied the nonmonetary obligations of the Disciplinary Orders.

Debtor appealed, and after we questioned the finality of the bankruptcy court's order for purposes of appeal, Debtor obtained an amended order dismissing the complaint without leave to amend.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by granting the State Bar's motion to dismiss?

## STANDARD OF REVIEW

"We review de novo the [trial] court's grant of a motion to dismiss under [Civil] Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (citing *Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010)). Under de novo review we "consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

**DISCUSSION**

**A.    Legal standards governing the motion to dismiss**

Civil Rule 12(b)(6), made applicable by Rule 7012, provides that dismissal is appropriate if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the adequacy of the complaint, the court must accept as true all allegations and construe them in the light most favorable to the plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Consequently, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

**B.    The bankruptcy court did not err by dismissing the complaint.**

Pursuant to § 524(a), a bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor" with respect to a discharged debt, and "operates as an injunction against the commencement or continuation of an

10

action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"

A bankruptcy court may hold a creditor in contempt for a violation of the discharge injunction only if "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801 (2019). To prevail on a claim for a violation of § 524(a), a movant must show that the alleged contemnor: "(1) knew the discharge injunction applied; and (2) intended the actions that violated the injunction." *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 178 (9th Cir. BAP 2021) (citations omitted), *aff'd*, No. 21-60020, 2021 WL 5542226 (9th Cir. Nov. 26, 2021).

Debtor does not state a claim for violation of the discharge injunction. She does not allege the State Bar attempted to collect the restitution awards, which were discharged. Instead, she argues that the State Bar sought and obtained mandatory payment conditions, which Debtor contends operate as a lien on her law license. She maintains the Disciplinary Orders are entirely void, including the cost awards and nonmonetary conditions, and thus, the State Bar's refusal to reinstate her license violates the discharge injunction.

11

**1.     The State Bar did not violate the discharge injunction by participating in the disciplinary actions.**

In matters of attorney discipline, the State Bar operates as an administrative arm of the California Supreme Court. *In re Rose*, 22 Cal. 4th at 438. It initiates attorney disciplinary proceedings under statutory authority, for the purposes of "protecting the public, the courts, and the legal profession from unfit practitioners[,]" *In re Young*, 49 Cal. 3d 257, 266 (1989), and "the maintenance of high professional standards by attorneys and the preservation of public confidence in the legal profession[,]" *Chadwick v. State Bar*, 49 Cal. 3d 103,112 (1989). In short, the State Bar's participation in the disciplinary proceedings was not a continuation of an action to recover a discharged debt as a personal liability of the Debtor—it was an action to discipline an attorney for conduct deemed harmful to the public.

Debtor presumes that because the State Bar Court recommended restitution as a condition of probation, the State Bar was obligated to cease participation in the review process after Debtor's discharge. But regardless of the probation conditions ultimately imposed by the California Supreme Court, the State Bar had an obligation to pursue disciplinary action against Debtor, including recommending suspension of her license. *See* Cal. Bus. & Prof. Code § 6001.1.

We agree with the bankruptcy court that the payment obligations imposed under the Disciplinary Orders do not constitute a "lien" on

12

Debtor's property. Debtor cites § 101(37), which defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation," and she cites *Conway v. State Bar*, 47 Cal. 3d 1107 (1989), for the proposition that an attorney has a property interest in her license to practice law. But Debtor does not explain how her payment obligations under the Disciplinary Orders are "secured" by the suspension of her license. Her law license is not transferable; it cannot be sold to satisfy her payment obligations. And the Disciplinary Orders do not grant the State Bar any interest in Debtor's license. They merely impose payment obligations against Debtor as conditions of reinstatement.

More importantly, Debtor's lien argument is irrelevant to the analysis. The discharge injunction bars continuation of an action to recover a discharged debt as a personal liability of the debtor, but since the State Bar's continued participation was disciplinary, and not an attempt to recover a discharged debt, it is immaterial whether the cost awards ultimately entered by the California Supreme Court are against Debtor or her property.

## 2. The Disciplinary Orders are not void.

The State Bar's refusal to reinstate Debtor's license is not a violation of the discharge injunction because the Disciplinary Orders are not void *ab initio*. Section 524(a)(1) provides that a judgment is void **to the extent** it is a determination of the personal liability of a debtor with respect to discharged debt. Thus, the Disciplinary Orders are void only to the extent

they require Debtor to pay restitution which was discharged.[8] The remainder of the Disciplinary Orders, including the suspension and other conditions of reinstatement, remain valid and enforceable.

Debtor acknowledges that statutory cost awards issued as part of California attorney disciplinary proceedings are nondischargeable under § 523(a)(7)[9] and Ninth Circuit authority. *See State Bar of Cal. v. Findley (In re Findley)*, 593 F.3d 1048, 1054 (9th Cir. 2010) (holding that the express statement in Cal. Bus. & Prof. Code § 6086.10(e) that disciplinary costs are required to serve penal and rehabilitative ends is "sufficient to render attorney discipline costs imposed by the California State Bar Court non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7)."); *Kassas*, 49 F.4th at 1164 ("such costs are nondischargeable in bankruptcy"); *Albert-Sheridan v. State Bar of Cal. (In re Albert-Sheridan)*, 960 F.3d 1188, 1192 (9th Cir. 2020) ("*Findley* is binding precedent on [the nondischargeability of cost awards under Cal. Bus. & Prof. Code § 6810], and we must follow it."). But she attempts to distinguish these cases by arguing that unlike the awards in

---

[8] After the Ninth Circuit's decision in *Kassas*, the State Bar obtained a standing order from the California Supreme Court which authorized the State Bar, upon notice of bankruptcy discharge, to consider disciplinary orders requiring restitution as a condition of reinstatement, as amended to remove restitution conditions and to treat such conditions as satisfied.

[9] Section 523(a)(7) makes nondischargeable "any debt— . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ."

those cases, the cost awards in the Disciplinary Orders were entered post-petition.

Debtor is correct that the Disciplinary Orders were entered post-petition, but the cost awards are nevertheless prepetition debts. The Ninth Circuit applies the "fair contemplation" test to determine whether a debt arises pre- or post-petition. *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 839 (9th Cir. 2009). Under this test, "a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *Id.* (citation omitted).

Prior to the petition date, Debtor engaged in the conduct for which she was disciplined, the State Bar initiated disciplinary proceedings, the State Bar Court conducted a trial, and it issued a written disposition recommending suspension conditioned on payment of restitution and costs. Because California Business & Professions Code § 6086.10 requires any order imposing discipline on an attorney to direct that attorney to pay costs, the parties clearly contemplated an award of costs if the California Supreme Court agreed with the recommendation. Because the cost awards are mandatory regardless of whether restitution is also required as a condition of reinstatement, they are not connected with pursuit of discharged debt as Debtor argues.

Furthermore, Debtor's attempt to distinguish *Kassas*, *Albert-Sheridan*, and *Findley* is absurd. She claims that the cost awards in those cases were

15

entered prepetition, and thus, they involved only § 523(a)(7), not § 524(a)(2). But regardless of the timing of the cost awards here, they cannot violate the discharge injunction because § 524(a) applies only to discharged debts. *See* § 524(a)(1) (Discharge voids any judgment to the extent it determines personal liability of the debtor "with respect to any debt discharged under section 727 . . . ."); *Lakhany v. Khan (In re Lakhany)*, 538 B.R. 555, 562 (9th Cir. BAP 2015) ("Nondischargeable debts are not subject to the discharge injunction." (citing *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1027 n.11 (9th Cir. 2005))).

Because the cost awards are prepetition debts which were not discharged under § 727, they are unaffected by the discharge injunction. The Disciplinary Orders are void only to the extent they impose liability on Debtor for discharged prepetition obligations; all other conditions of reinstatement—including payment of statutory costs—remain valid and enforceable. Consequently, the State Bar did not violate the discharge injunction by continuing disciplinary proceedings, or by refusing to reinstate Debtor's law license until she satisfies the other conditions of reinstatement.

Finally, Debtor does not make any argument on appeal that the bankruptcy court erred by dismissing her claim for violation of § 525, and she has thus waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). "Section 525(a) prohibits a governmental unit from denying, revoking, suspending, or refusing to renew a debtor's license solely

16

because the debtor filed for bankruptcy or failed to pay a dischargeable debt." *In re Albert-Sheridan*, 960 F.3d at 1196 (cleaned up). But the "government *may* take action that is otherwise forbidden when the debt in question is . . . nondischargeable." *FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 307 (2003). Because Debtor admits she has not paid the cost awards, and she does not allege that she has performed the nonmonetary conditions of reinstatement, she fails to state a claim for violation of § 525.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order granting the State Bar's motion to dismiss the adversary complaint.