**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

**JUL 22 2025**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARILYN S. SCHEER | No. 24-2099 |
| Debtor | BAP No. 23-1159 |
| ---------------------------------- | |
| MARILYN SUE SCHEER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| STATE BAR OF CALIFORNIA, a public corporation, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Scott H. Gan, Frederick Philip Corbit, and Robert J. Faris, Bankruptcy Judges,
Presiding

Submitted July 15, 2025[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Scheer's request for oral argument, set forth in the opening brief, is denied.

Before: SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Chapter 7 debtor Marilyn Sue Scheer, a California attorney suspended from the practice of law, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing for failure to state a claim Scheer's adversary complaint against the State Bar of California. We have jurisdiction under 28 U.S.C. §158(d)(1). We review de novo a decision of the BAP and apply the same standard of review the BAP applied to the underlying bankruptcy court decision. *In re Hutchinson*, 15 F.4th 1229, 1232 (9th Cir. 2021). We affirm.

The bankruptcy court properly dismissed Scheer's adversary complaint because Scheer failed to allege facts sufficient to show that the State Bar violated the discharge injunction or engaged in bankruptcy discrimination against her. *See* 11 U.S.C. § 524(a)(2), § 525(a); *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019) (holding that "a court may hold a creditor in civil contempt for violating a discharge order [under § 524(a)(2)] if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct"); *Albert-Sheridan v. State Bar of Cal. (In re Albert-Sheridan)*, 960 F.3d 1188, 1192, 1196 (9th Cir. 2020) (explaining that "the costs of State Bar attorney disciplinary proceedings are non-dischargeable" and that, as to bankruptcy discrimination, "the State Bar is within its right to condition reinstatement [of a law license] on the payment of [nondischargeable]

debt").

**AFFIRMED.**